UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT SUGENT, LEWIS BIRD,
ROBERT HAEFNER, and
TERESA BENNETT,

        Plaintiffs,

vs.

Case No. 07-CV-10883
HON. GEORGE CARAM STEEH

MARY PETERS, in official capacity
as Secretary of Department of
Transportation, et al.,

        Defendants.

_____/

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (#19, #20)
AND DENYING WITHOUT PREJUDICE DEFENDANTS' REQUEST FOR
SANCTIONS AGAINST PLAINTIFF SUGENT

Defendant Secretary of the Department of Transportation Mary Peters, and twelve alleged agents of Secretary Peters, move to dismiss pro se plaintiff Vincent Sugent's claims, and move separately to dismiss the claims of pro se plaintiffs Lewis Bird, Robert Haefner, and Teresa Bennett. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

Plaintiffs filed their federal complaint on February 27, 2007 against Secretary Peters and twelve alleged agents of Peters[1], each in their official capacities, alleging toxic mold

---

[1] FAA Administrator Marion Blakey, Detroit Metro Tower Air Traffic Manager Joseph Figliuolo, Assistant Air Traffic Manager Marcia Boliard, Tower Operations Manager Kevin Grammes, TRACON Operations Manager Clifford Auxier, Support Manager Patricia Bynum, Eastern Michigan GNAS Manager Rojelio Reyes, Team Manager Monica Hoyer, Director Central Service Area for Technical Operations Jo L. Tarrh, Area Director Central Terminal Operations Nancy Kort, Vice President Air Traffic Organization Terminal Bruce Johnson, and Vice President for Systems Operations Services Michael Cirillo.

was found at the Detroit Metropolitan Airport Air Traffic Control Tower on September 28, 2004, and that remediation began on January 19, 2005. Plaintiffs allege the remediation failed to comply with normal and customary standards of care, causing each of the plaintiffs to suffer "an incessant series of minor illnesses requiring constant medical attention." As theories of recovery, plaintiffs invoke the Fourteenth Amendment, Executive Order 12196, and "Public Law 91-596, 91st Congress, S.2193, as amended by Public Law 101-552, 3101, November 1990, et seq. . . . ." In their request for relief, plaintiffs each seek "one (1) U.S. Dollar," "reasonably incurred attorney's fees, costs, and litigation expenses," and "such other and further relief as the Court may deem just and equitable."

This is not plaintiff Vincent Sugent's first appearance before this court. On December 8, 2005, Sugent filed a pro se complaint against then Secretary of Transportation Norman Mineta, in his official capacity, alleging that Sugent began to endure "an incessant series of minor illnesses requiring constant medical attention" following mold remediation at the Detroit Metropolitan Airport Air Traffic Control Tower on January 19, 2005. Sugent v. Mineta, 05-CV-74655 (E.D. Mich. Dec. 8, 2005), Complaint, ¶ 8, at 2. Sugent invoked as his theories of recovery the Fourteenth Amendment, and the protection of "Public Law 91-596, 91st Congress, S.2193, as amended by Public Law 101-552, 3101, November 1990, et seq. . . . ." Id, ¶ 5, at 2. As remedies, Sugent sought "out of pocket medical expenses," "general and compensatory damages," "punitive and/or liquidated damages," "reasonably incurred attorney's fees, costs, and litigation expenses," and "such other and further relief as the Court may deem just and equitable." Id, ¶¶ A-E, at 3. This court dismissed the claims on May 19, 2006 for lack of federal subject matter jurisdiction. On appeal, the Sixth Circuit found subject matter jurisdiction existed, but affirmed dismissal on the merits of Sugent's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Sugent v. Mineta, No. 06-1851 (6th Cir. Jan. 22, 2007) (unpublished). The Court of

Appeals explained:

> A federal employee who alleges a work-place injury has an exclusive remedy under the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8116(c), and is, therefore, precluded from filing any other actions against the United States for those injuries, including the action filed under the [Federal Torts Claims Act (FTCA)]. Id.; see also Jones v. Tenn. Valley Auth., 948 F.2d 258, 265 (6th Cir. 1991); Johnson v. United States, No. 96-1007, 1996 WL 673470, at *1 (6th Cir. Nov. 20, 1996) (unpublished).
>
> Sugent admits that he is a federal employee and was allegedly injured at work. Moreover, he does not deny the fact that he applied for federal workers' compensation funds for his exposure to mold. In fact, the defendant alleges in his appellate brief that Sugent was later awarded related workers' compensation benefits for his occupational asthma. Consequently, Sugent has no remaining cause of action against the United States or its employees in their official capacities. See Brandon v. Holt, 469 U.S. 464, 471 (1985). Moreover, OSHA does not provide a private right of action, see Ellis v. Chase Communications, Inc., 63 F.3d 473, 478 (6th Cir. 1995), and Sugent's claim that he can bring a claim as a United States citizen despite his status as a federal employee is without merit. Finally, to the extent that Sugent argues that his Fourteenth Amendment rights were violated, his claim merely asserts a legal conclusion, which we need not accept; he does not explain how those rights have been violated. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

Sugent v. Mineta, No. 06-1851, at 3-4. Approximately a month later, the instant pro se plaintiffs filed this lawsuit.

Defendants now move for dismissal of Sugent's claims pursuant to the doctrines of res judicata and collateral estoppel. Defendants move separately for the dismissal of Bird's, Haefner's, and Bennett's claims pursuant to the Sixth Circuit's reasoning in Sugent v. Mineta, No. 06-1851, at 3-4. Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, a court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp., 922

F.2d 328, 330 (6th Cir. 1990).

Defendants are entitled to the dismissal of the plaintiffs' claims. Res judicata and collateral estoppel clearly bar Vincent Sugent from relitigating his claims. C.I.R. v. Sunnen, 333 U.S. 591, 600 (1948).

> . . . . The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

Id. at 597 (internal citation omitted). In applying collateral estoppel, "the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." Id. at 598 (internal citation omitted). Sugent's current claims of liability under the Fourteenth Amendment and "Public Law 91-596," formally known as the Occupational Safety and Health Act of 1970 (OSHA), were expressly adjudicated against Sugent by this court and the Sixth Circuit Court of Appeals. Sugent v. Mineta, No. 06-1851, at 3-4. Likewise, "Sugent's claim that he can bring a claim as a United States citizen despite his status as a federal employee is without merit." Id. at 4. For the same reasons set forth by the Sixth Circuit, plaintiffs Bird's, Haefner's, and Bennett's claims are subject to dismissal as a matter of law. G.M. Eng'r and Assoc., 922 F.2d at 330. Their Fourteenth Amendment claim is merely conclusionary, and OSHA does not provide for a private cause of action. Sugent v. Mineta, No. 06-1851, at 3-4. The plaintiffs' exclusive remedy is under the FECA. Id.

Plaintiffs' combined response to the motions to dismiss simply reassert meritless arguments raised by Sugent in his first lawsuit. Referring to "[c]onsiderable blatant

disregard" for the plaintiffs' rights does not carry the day.  Neither does the plaintiffs' submission of 175 pages of reports with assertions that the reports are "flawed, at best," or inaccurate.

Plaintiffs seek a combined total of $4.00 in damages.  None of the plaintiffs are attorneys-at-law, precluding recovery of the requested attorney's fees.  Plaintiffs seek no specific equitable relief, yet express a willingness to incur "costs, and litigation expenses" for a $1.00 per plaintiff recovery.  Sugent's filing of his instant claims one month after the Sixth Circuit affirmed the dismissal of his earlier lawsuit demonstrates bad faith sanctionable under Federal Rule of Civil Procedure 11(b)(1) and (2).  This court is authorized to enter an order directing Sugent to pay the defendants' reasonable attorney's fees and expenses, as requested here, if such a sanction is warranted as an effective deterrent. Fed. R. Civ. P. 11(c)(2).  The court finds that the more effective deterrent is to deny the defendants' request for sanctions against Sugent, without prejudice, allowing any one of the defendants or their privies to initially raise the same request for sanctions in another lawsuit should Sugent again file or otherwise pursue claims in the United States District Court for the Eastern District of Michigan seeking damages or equitable relief relative to the remediation of toxic mold found at the Detroit Metropolitan Airport Air Traffic Control Tower on September 28, 2004.

For the reasons set forth above, the defendants' motions to dismiss are hereby GRANTED.  Plaintiffs' claims are hereby DISMISSED with prejudice in their entirety. Defendants' request for sanctions against plaintiff Vincent Sugent is hereby DENIED, without prejudice.  IT IS ORDERED that the defendants or their privies may initially move for the same sanctions in another lawsuit should Vincent Sugent file another complaint in the United States District Court for the Eastern District of Michigan, or otherwise again pursue claims in the United States District Court for the Eastern District of Michigan (as on

removal of claims from state court), seeking damages or equitable relief relative to the remediation of toxic mold found at the Detroit Metropolitan Airport Air Traffic Control Tower on September 28, 2004.  Without limiting a court's discretion, Sugent may be ordered to pay the defendants' reasonable attorney's fees and expenses incurred in this lawsuit before proceeding with another lawsuit.

SO ORDERED.

Dated:  July 9, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 9, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk